UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CHRISTOPHER M. URGA,<br><br>Defendant. | Case No. CR16-318RSL<br><br>ORDER DENYING DEFENDANT'S MOTION TO COMPEL |

On January 30, 2021, defendant filed "Defendant's Motion to Compel 2017 Government Sentencing Memorandum." Dkt. # 32. The Court sentenced defendant on a conviction of Felon in Possession of a Firearm on May 12, 2017. Dkt. # 25. For this conviction, defendant was sentenced to serve thirty months consecutive to his sentence in CR05-198RSL and concurrent to a state court conviction.

Defendant's motion to compel appears to be complaining about how one of his prior convictions was described in the Government's Sentencing Memorandum in the above-captioned matter. See Dkt. # 32. The Court understands defendant to be alleging that the Government's Sentencing Memorandum inaccurately stated that defendant forced his victim in the prior case to perform a sex act and then struck her five times. See Dkt. # 32 at 1. Defendant contends that this conviction "[n]ever . . . had any elements of sexual contact or lewd acts under elements." *Id.* Defendant complains that this alleged inaccuracy "convict[ed] him of a crime that [that he] never committed," and that this affected his "classification" in federal and/or State

ORDER DENYING DEFENDANT'S
MOTION TO COMPEL - 1

custody. Dkt. # 32 at 2. Defendant asks the Court to compel the government to "clean up [its] dirty laundry." *Id.* The Court finds that defendant's motion lacks merit for three reasons.

First, the Sentencing Memorandum's reference to the prior conviction at issue was consistent with the Presentence Report's description, and defendant did not appear to object to the paragraph of the Presentence Report describing the conviction. The Presentence Report described defendant's 2003 conviction for assault in the fourth degree as follows:

> On April 19, 2003, police were dispatched to a domestic violence investigation . . . . [Victim] told police that 15 minutes prior to the officers' arrival, Christopher Urga had assaulted her by punching her about five times in the head and upper body. [Victim] reported that . . . . Mr. Urga had come to visit . . . and they began to argue. Mr. Urga unzipped his pants and demanded that she perform oral sex on him, which she did for fear of abuse. Mr. Urga later punched her five times and then left. The officers noted visible injuries and bruising and took pictures of the injuries.

PSR ¶ 51. It appears that defendant did not object to this paragraph in the Presentence Report. See PSR Addendum (noting that "[t]he defendant submitted several comments to the presentence report, all of which were incorporated into the final report" and "[t]here appear to be no unresolved issues"). The Government's Sentencing Memorandum cited the Presentence Report and summarized this prior conviction consistently with the report when it characterized defendant as having been convicted of "assault in the fourth degree for forcing the same victim to perform oral sex on him and then punching her five times in the head and torso." Dkt. # 21 at 2. Therefore, defendant's complaint regarding a purported inaccuracy in the Government's Sentencing Memorandum lacks merit.

Second, to the extent defendant is complaining about the effects of the alleged inaccuracy on his classification in federal custody, defendant was released from the custody of the Bureau of Prisons on July 21, 2020. Find an Inmate, Fed. Bureau of Prisons, https://www.bop.gov/mobile/find_inmate/byname.jsp (last visited on Feb. 17, 2021). Therefore, any inaccuracy has no ongoing effect on his federal classification.

Third, to the extent defendant is complaining about the effects of the alleged inaccuracy on his classification in State custody, defendant has failed to demonstrate that he has suffered

ORDER DENYING DEFENDANT'S
MOTION TO COMPEL - 2

any actual negative effect. Even assuming *arguendo* that the reference to the prior conviction was inaccurate, defendant has not explained how this negatively affected defendant's classification. Defendant's motion fails to persuade the Court that it would be appropriate to compel the federal government to undertake any particular action on this matter.[1]

For all of the foregoing reasons, the Court DENIES defendant's motion to compel (Dkt. # 32).

IT IS SO ORDERED.

DATED this 17th day of February, 2021.

Robert S. Lasnik
United States District Judge

---

[1] If defendant believes that the Government's Sentencing Memorandum inaccurately describes his conduct in the prior case and that this has negatively affected his classification in State custody, defendant could obtain police and court documents from that case and provide them to the State authorities to review.

ORDER DENYING DEFENDANT'S
MOTION TO COMPEL - 3